UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No. **CV 17-343-R (PLA)**                                       Date **March 20, 2017**

Title:   **Robert Sisco, Jr. v. Kelley Santoro**

---

PRESENT:  THE HONORABLE    **PAUL L. ABRAMS**                ☐ U.S. DISTRICT JUDGE
                                                              ☒ MAGISTRATE JUDGE

| **Christianna Howard** | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PETITIONER:**                **ATTORNEYS PRESENT FOR RESPONDENT:**
           NONE                                                       NONE

**PROCEEDINGS:**           ( IN CHAMBERS)

On February 23, 2017, petitioner filed a civil rights complaint, which the Court dismissed on February 27, 2017, with leave to amend. (Docket Nos. 1, 4).  In the Order dismissing, the Court explained that because it appeared that petitioner was challenging the fact or duration of his sentence, his claims of ineffective assistance of counsel, delay of trial, involuntary plea, and judicial bias should be raised in a habeas corpus action.  The Court also pointed out that it could not, at that time, determine if petitioner met the timing requirements for filing a habeas petition, or if petitioner had properly exhausted his claims. (Docket No. 4).

Subsequently, on March 17, 2017, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").  The Petition challenges petitioner's 2016 conviction in the San Bernardino County Superior Court, case number 16CR-001241, for assault with a deadly weapon (Cal. Penal Code § 245(a)(1)). (Petition at 2).  Petitioner indicates in the Petition that he did not file a direct appeal and has not filed any state habeas petitions. (Petition at 2-3).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).  Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845.  A claim has not been

fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

In the Petition, petitioner asserts that his right to a speedy trial was violated, his attorney provided ineffective assistance, and the judge committed misconduct. (Petition at 5, Attachment). Petitioner admits that he did not file a direct appeal or seek any state habeas relief prior to filing the Petition. (Petition at 2-3). Accordingly, the Petition appears to be fully unexhausted.

**No later than April 10, 2017**, petitioner is **ordered to show cause** why the instant Petition should not be dismissed as fully unexhausted. To avoid dismissal, petitioner must file proof with this Court that **each of his grounds for relief raised in the Petition has previously been presented to the California Supreme Court, by providing this Court with a complete copy of either the petition for review or state habeas petition raising each of those claims to the California Supreme Court.** Filing of such proof shall be deemed compliance with this Order to Show Cause.

**Petitioner is advised that his failure to timely file a response to this Order, as set forth herein, will result in the Petition being dismissed as unexhausted, and for failure to prosecute and follow Court orders**. Petitioner is also advised that the filing of a petition for federal habeas corpus relief does **not** toll the AEDPA's one-year statute of limitations.[1] Duncan v. Walker, 533 U.S. 167, 172, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

cc: Robert Sisco, Jr., pro se

Initials of Deputy Clerk ___ch___

---

[1] The AEDPA imposes a one-year period of limitation for state prisoners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).